[No. 19576.  Department Two.  April 2, 1926.]

SEATTLE AUTOMOBILE COMPANY, *Appellant,* v. J. W. ESSEX, *as Receiver of United Motors Company, Incorporated, et al., Respondents.*[1]

[1] SALES (175, 183)—CONDITIONAL SALES—FORFEITURE FOR BREACH—REMEDIES OF SELLER—AGAINST THIRD PERSONS—RECOVERY OF GOODS. There was no breach, warranting the forfeiture of a conditional sales contract of an automobile which prohibited the vendee from selling the car, where the vendee merely made an arrangement to trade it to a third person for another car when the title should be clear, and delivered it to such third person, with the money necessary to clear the title, which was not then due.

Appeal from a judgment of the superior court for King county, Hall, J., entered August 3, 1925, upon findings in favor of the defendants, in an action of replevin. Affirmed.

*Reynolds, Ballinger & Hutson,* for appellant.

*Palmer, Askren & Brethorst,* for respondents.

MITCHELL, J.—This action in replevin was brought by the Seattle Automobile Company, a corporation, to recover a Cleveland sedan automobile, sold and delivered to George E. Coson. When the action was commenced, August 14, 1924, the United Motors Company, Inc., and George E. Coson were made defendants. Shortly thereafter, J. W. Essex was appointed receiver of United Motors Company, Inc., and, as such receiver, was substituted as a defendant. The trial of the case resulted in a money judgment for the defendants, the plaintiff having taken and disposed of the sedan during the pendency of the action. The plaintiff has appealed.

[1]Reported in 244 Pac. 705.

Formal findings of fact were made by the trial court, to which no exception was taken. The appellant's contention is that the findings do not warrant the conclusions and judgment entered. In substance, the findings show that considerable had already been paid on the sedan by Coson, who, desiring further time to pay the balance, agreed with the appellant, so that on January 24, 1924, appellant, by conditional sale contract, sold and delivered the sedan to George E. Coson for the sum of $398, payable $80 cash, which was paid, balance to be paid $80 on August 20, 1924, $80 on September 20, 1924, $80 on October 20, 1924, and $78 on November 20, 1924, with interest at ten per cent per annum after maturity of each installment. The conditional sale contract was signed by both vendor and vendee. It provided that the title to the property should remain in the vendor until all the terms of the sale had been fully complied with by the vendee. That paragraph 8 of the contract provided:

"Time is of the essence of this contract. In case said vendee shall make default in the payment of said purchase price, or any installment thereof, principal or interest, as and when the same shall become due and payable, or in any of the covenants or agreements herein contained on said vendee's part to be kept and performed or in case said vendee shall fail to insure and keep said property insured as herein agreed; or remove, or attempt to remove, or cause said property to be removed from the county of King, state of Washington; or sell, or attempt to sell, or encumber said property; or permit or suffer same to become encumbered by any laborer's, mechanic's or artisan's lien; or in case said vendee shall use or permit said property to be used for any unlawful purpose, or abuse, misuse, secrete or attempt to secrete said property, or assign or attempt to assign, this contract without the written consent of the vendor or its assigns; then in either of said cases it shall be optional with said vendor or its

assigns to (1) declare this contract forfeited and determined and to take possession of said personal property with or without process of law, and retain any and all sums paid by said vendee as and, for rent, for the use of said personal property, or (2) to declare the whole unpaid sum of said purchase price, together with interest thereon, immediately due and collectible."

The contract was duly filed of record in the county auditor's office on July 25, 1924. The findings further show that, on August 2, 1924:

"George E. Coson made an arrangement with the defendant United Motors Company, Inc., for the purchase of a Paige Brougham automobile, upon which the first payment was fixed in the sum of $850.00 and which was to be paid by the defendant George E. Coson turning over to the defendant United Motors Company, Inc., the said Cleveland automobile free and clear of the contract to the Seattle Automobile Company, and that the said defendant George E. Coson left the said Cleveland automobile with the defendant United Motors Company, Inc., and gave to them in cash the sum of $318.00, with instructions to pay said sum to the plaintiff herein and receive a bill of sale upon said car. That, within a day or two after the 2nd day of August, 1924, one Mr. Harbaugh, an agent and employee of the plaintiff, informed the manager of the defendant United Motors Company, Inc., that the said Seattle Automobile Company held a conditional sale upon the said Cleveland automobile, but did not demand said balance unpaid on the car, or possession of said car, and said defendant did not at that time offer to pay said Harbaugh said balance due.

"VII. That thereafter and on the 14th day of August, 1924, the plaintiff sent one of its employees named Wood, who was a salesman in its used-car department, to the place of business of the United Motors Company to demand, and who did demand, of said defendant possession of said Cleveland automobile; that said defendant told said agent that it would pay the balance due upon said car, but said agent said he

had no authority to take the money, that he wanted the car. Said defendant did not deliver possession of said car to said Wood. Said Wood went away, but returned a short time later and said that said car would not be claimed if the said defendant would pay the balance due on said car, together with a bill of $80.00, which plaintiff claimed defendant owed it, but which claim said defendant disputed; and this offer was not accepted by said defendant.

"That on the afternoon of said August 14 and on the forenoon of August 15, 1924, an authorized representative of defendant United Motors Company, Inc., went to the office of plaintiff and to other places in the city of Seattle in search of the president of plaintiff with money to make a tender of said sum of $318.00, but that the president of said corporation, Mr. H. P. Grant, was absent from the corporation offices and could not be found there or at the places where defendant had been informed by plaintiff's agents that he might be found until after this action had been commenced and possession of the car taken by plaintiff; that the office of plaintiff, when the representative of defendant United Motors Company, Inc., visited the same, was open for the transaction of business with employees therein having authority to receive moneys payable to plaintiff, but no tender was made to any of said employees by or on behalf of said defendant United Motors Company, Inc."

The findings further show that, a few days after the suit was started, the United Motors Company, Inc., tendered to the appellant $318, balance due under the contract, together with $36.70, costs of suit to that date and upon its being refused by the appellant, that amount was paid into court for the appellant.

[1] The argument on behalf of the appellant is that Coson violated the covenant in the conditional sale contract against the sale of the property, in his dealing with the United Motors Company, thereby entitling appellant to declare the contract forfeited and to take

possession of the property under the terms of the contract. Precisely, the argument is,·

"Under our contract title remained in the vendor. The vendee had the right of possession until broken. He violated the condition when he sold the property, and thereby terminated his right of possession."

That portion of the argument with reference to the terms of the contract may not be denied, but that portion of it to the effect that there was a sale by Coson, and a consequent breach of the contract, cannot be accepted. The findings do not say that he made a sale of the sedan, but "an arrangement for the purchase of a Paige Brougham." Not that he purchased the Paige car. The Paige car was not delivered to or received by Coson; at least, the findings do not so say. For aught that appears, the United Motors Company still has the Paige car. Coson simply made an arrangement to purchase it. The first payment on it was fixed in the sum of $850, "which was to be paid by the defendant George Coson turning over to the United Motors Company the Cleveland automobile free and clear of the contract to the Seattle Automobile Company." Of the first payment, it was not found that it was made, but that it was *to be* made, that is in the future. Why? Because he did not own the sedan at that time. It was not free and clear. The turning over to the United Motors Company of the sedan in consummation of their plan or arrangement was not to take place until the title to it, or the rights of Coson in it, were made free and clear. True, he delivered possession of it to the United Motors, but at the same time he gave them in cash $318, with instructions to pay it to the appellant as balance owing on the automobile, none of which was due to appellant at that time under the terms of the contract. There was nothing hostile to the rights

of the appellant in the delivery by Coson to the United Motors Company of the mere naked possession of the sedan. The naked possession of it under the arrangement was nothing more than possession to an agent of Coson, charged with the duty and service of paying to the appellant an amount of money supplied by Coson as the balance due on that same automobile.

In the arguments of the respective parties, much has been said of equitable principles resting upon those findings relating to offers and counter-propositions of the parties prior to the commencement of the suit, and whether an actual tender of the amount due was excused by the attitude of the appellant, who, it seems, agreed to accept an offer made, provided there was added the payment of a disputed account owing by the United Motors Company to the appellant, with which Coson had nothing to do.

It is sufficient, however, to rest our conclusion upon the view that there was no breach of the conditional sale contract.

Affirmed.

TOLMAN, C. J., MAIN, MACKINTOSH, and PARKER, JJ., concur.